Vincent A. Gorski (CSB #263487)
**THE GORSKI FIRM, A.P.C.**
1430 Truxtun Avenue, Fifth Floor
Bakersfield, CA 93301
Telephone: (661) 952-9740
Facsimile: (661) 952-9741
E-mail:  vgorski@thegorskifirm.com

Attorneys for Plaintiffs
Manuel Lazo
Oralia Lazo

**THE GORSKI FIRM, APC**
**www.thgorskifirm.com**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| MANUEL LAZO; ORALIA LAZO F/K/A ORALIA PABLO, | Case Number:  **1:13-cv-02015-AWI-GSA** |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT CALIBER HOME LOANS, INC., VERICREST OPPORTUNITY LOAN TRUST 2011-NPL1, SUMMIT MANAGEMENT COMPANY, LLC'S MOTION TO DISMISS COMPLAINT** |
| versus | |
| CALIBER HOME LOANS, INC.; VERICREST OPPORTUNITY LOAN TRUST 2011-NPL1; SUMMIT MANAGEMENT COMPANY, LLC A/K/A SUMMIT MANAGEMENT COMPANY, LLC, an unknown entity; and DOES 1 through 100, inclusive, | Hearing Date:      *Vacated*  Time:  Courtroom:  Honorable Judge:   Anthony W. Ishii  Magistrate Judge:  **Gary S. Austin** |
| Defendants. | Complaint Filed:    **December 10, 2013** |

Plaintiffs MANUEL LAZO and ORALIA LAZO F/K/A ORALIA PABLO (collectively hereinafter as "Plaintiff"), by and through counsel of record, hereby submits this Opposition and Memorandum of Points and Authorities ("Opposition") to Caliber Home Loans, Inc. (hereinafter Defendant "Caliber"), Vericrest Opportunity Loan Trust

2011-NPL1 (hereinafter Defendant "Vericrest"), and Summit Management Company, LLC's (hereinafter Defendant "Summit") Motion to Dismiss Complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  Collectively Defendants Caliber, Vericrest, and Summit are referred to as the "Defendants."

This Opposition on the attached Memorandum of Points and Authorities, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

DATED:  April 9, 2014            **THE GORSKI FIRM, APC**

_____
VINCENT A. GORSKI
Attorney for Plaintiffs
Manuel Lazo
Oralia Lazo

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................4

A.    INTRODUCTION AND FACTUAL BACKGROUND ......................................7

B.    RULE 12(B)(6) STANDARD AFFECTING THE PLEADINGS ........................8

C.    ARGUMENT ..................................................................................9

    1.    Defendants Blanket Attack That A Unified Course Of Fraudulent Conduct Is Alleged Throughout The Complaint Fails As This Blanket Attack Is Inconsistent With Allegations In Plaintiff's Case And The Case Law Cited By Defendants ...........................................................................9

    2.    Tender Is Not Required As The Trustee Sale Was Void – A Declaratory Finding Is Required First As To The Existence Of The True Mortgagee – Even So, Tender Is Not Required Under The Facts In This Case ..............12

    3.    The Alleged Wrongful Securitization Of The Loan Does Render A Note Or Deed of Trust Void ...................................................................13

    4.    There Was Never Authority To Foreclose On Plaintiff's Property ............14

    5.    Defendants Misstate The Law That Plaintiff's Claims For A Loan Modification Based On HAMP Or As A Third Party Beneficiary Fail – The Ninth Circuit Disagrees ...........................................................14

    6.    The Declaratory Action Count Is Not Duplicative And Will Result In Resolving An Actual Controversy..............................................17

    7.    Plaintiff Has Sufficient Particularity On The Fraud, Conspiracy, and RICO Counts. ................................................................................18

    8.    Plaintiff Has Alleged Sufficient Facts Demonstrating That The Unlawful, Unfair, And Fraudulent Prongs Are Met For A UCL Claim ....................20

    9.    An Accounting Is Necessary Because Defendants Cannot Establish A Right To Lawfully Collect Any Payments .........................................22

D.    CONCLUSION ..............................................................................23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE GORSKI FIRM, APC**
**www.thegorskifirm.com**

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

1

**TABLE OF AUTHORITIES**

2

**RULES**

3

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 2, 7

4

Fed. R. Civ. P. 15(a) ......................................................................................................... 8

5

Fed. R. Civ. P. 8 ............................................................................................................... 7

6

Fed. R. Civ. P. 8(e) ........................................................................................................... 8

7

Fed. R. Civ. P. 9 ............................................................................................... 7, 9, 17, 19

8

**FEDERAL CASES**

9

*Alimena v. Vericrest Fin., Inc.*, 2013 WL 4049663 ......................................................... 17

10

*Allison v. California Youth Authority* (9th Cir. 1969) 419 F2d 822 ................................... 9

11

*Aniel v. Aurora Loan Servs., LLC,* __ F. App'x __, 2013 WL 6671549 (9th Cir. Dec. 19,

12

2013) ............................................................................................................................ 12

13

*Baker v. Cuomo* (2nd Cir. 1995) 58 F3d 814 ................................................................... 8

14

*Barrionuevo v. Chase Bank*, 85 F. Supp. 2d 964 ............................................................ 12

15

*Beliveau v. Caras* (CD CA 1995) 873 F. Supp. 1393 ....................................................... 8

16

*Bell Atlantic Corp. Twombly* (2007) 550 US 544 ............................................................. 8

17

*Bosse v. Crowell Collier & Macmillan*, 565 F.2d 602 ..................................................... 18

18

*Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. Aug. 8, 2013) ...................... 15

19

*Davis v. Monroe County Bd. of Ed.* (1999) 526 US 629 .................................................... 9

20

*Deutsch v. Flannery,* 823 F.2d 1361 ......................................................................... 19, 20

21

*Dick v. Am. Home Mortg. Servicing, Inc.*, 2013 WL 5299180 .......................................... 13

22

*Ellis v. JP Morgan Chase Bank, N.A.*, 2013 WL 2921799 (N.D. Cal. June 13, 2013) ........ 21

23

*Fiedler v. Clark,* 714 F.2d 77 ........................................................................................ 17

24

*Foman v. Davis*, 371 U.S. 178 ......................................................................................... 9

25

*Gaudin v. Saxon Mortg. Servs. Inc.*, 2013 WL 4029043 (N.D. Cal. Aug. 5, 2013) ............. 20

26

*Gerbery v. Wells Fargo Bank, N.A.*, 2013 WL 3946065 (S.D. Cal. July 31, 2013) ............. 21

27

*Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866 ............................................ 18

28

*Gutierrez v. Wells Fargo Bank, N.A.*, 2013 WL 2048030 (N.D. Cal. May 14, 2013) ......... 21

**THE GORSKI FIRM, APC**
**www.thegorskifirm.com**

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

*In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, No. 10-MD-02193-RWZ, 2011 WL 2637222 (D. Mass. July 6, 2011) .................................. 15

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 ........................................................................ 10

*Kling v. Bank of Am., N.A.*, 2013 WL 7141259 ................................................................ 14

*Lester v. JP Morgan Chase Bank*, 2013 WL 3146790 (N.D. Cal. June 18, 2013) ............... 21

*Lopez v. Smith*, 203 F.3d 1122 ........................................................................................... 9

*McGary v. City of Portland* (9th Cir. 2004) 386 F3d 1259 .................................................. 8

*Mediccom Southeast LLC v. BellSouth Telecommunications, Inc.* (6th Cir. 2012) 672 F3d 396 ........................................................................................................................................ 8

*Merrit v. Libby, McNeil & Libby*, 510 F.Supp. 366 ......................................................... 20

*Nami v. Fauver* (3rd Cir. 1996) 82 F3d 63 ........................................................................ 9

*Patel v. U.S. Bank,* 2013 WL 3770836, at *6 .................................................................. 12

*Quinteros v. Aurora Loan Serv.*, 740 F.Supp.2d 1163 (E.D. Cal., 2010) ........................... 22

*Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) 562 F3d 123 ........................................... 8

*Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156 ................................................................ 10

*Schneider v. California Dep't of Corr.*, 151 F.3d 1194 ...................................................... 9

*SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp 718 ....................................... 8

*Sellers v. Regents of University of California,* 432 F.2d 493 .............................................. 17

*Semegen v. Weidner*, 780 F.2d 727 ................................................................................... 18

*Strom v. United States* (9th Cir. 200) 641 F3d 1051 .......................................................... 8

*Thompson v. Paul* (D AZ 2009) 657 F.Supp.2d 1113 ......................................................... 8

*United States v. White* (CD CA 1995) 893 F.Supp 1423 ..................................................... 8

*Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011) .............. 20

*Wigod v. Wells Fargo Bank*, 673 F.3d 547 (7th Cir. 2012) ................................................ 15

*Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 .............................................................. 19

*Young v. Wells Fargo Bank*, 717 F.3d 224 (1st Cir. 2013) ................................................ 15

**CALIFORNIA CASES**

*Aceves v. U.S. Bank, N.A*, 192 Cal. App. 4th 218 .............................................................. 16

THE GORSKI FIRM, APC
www.thegorskifirm.com

**THE GORSKI FIRM, APC**
**www.thegorskifirm.com**

1  *Aguilar v. Bocci*, 39 Cal.App.3d 475 (1974). ....................................................... 13

2  *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503 .................... 19

3  *Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15 (Ct. App. 1984).................................. 12

4  *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006).......................... 21

5  *Dimock v. Emerald Props., LLC*, 97 Cal. Rptr. 2d 255 (Ct. App. 2000) ............................ 12

6  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 ................................................ 13

7  *Glaski v. Bank of America, N.A.* (2013) 218 Cal. App. 4th 1079................................. 12, 13

8  *Intengan v. Bank of Am.*, 214 Cal. App. 4th 1047 .......................................................... 12

9  *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622 (Ct. App. 2011) ...................................... 12

10  *Mosier v. Southern California Physicians Insurance Exchange*, 63 Cal.App.4th 1022 ...... 19

11  *Pfeifer v. Countrywide Home Loans*, 211 Cal. App. 4th 1250 ........................................... 12

12  *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553 .................................... 20

13  *Teselle v. McLoughlin*, 173 Cal.App.4th 156 (2009) ....................................................... 22

14  *West v. JP Morgan Chase Bank N.A.*, 214 Cal. App. 4th 780 (2013) ............................... 21

15  CALIFORNIA STATUTES

16  Cal. Bus. & Prof. Code § 17204 (2012). ..................................................................... 21

17  Cal. Bus. & Prof. Code § 17205 (2012) ...................................................................... 20

18  California Civil Code § 2924, et seq. .......................................................................... 14

19  California Code of Civil Procedure § 367 ..................................................................... 13

20
21
22
23
24
25
26
27
28

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

**A.**   **INTRODUCTION AND FACTUAL BACKGROUND**

Contrary to the Defendants blanket assertion that Plaintiff's Complaint 'sounds in fraud,' the Complaint supports statutory grounds in Counts 1, 2, 3, 4, 5, 6, 7, and 18; fraud in Counts 11, 12, and 13; and contractual and/or equitable grounds  in Counts 8, 9, 10, 14, 15, 16, 17, 19, 20, and 21.

Plaintiff sets forth good faith claims upon which relief can be granted.  Plaintiff filed his Complaint listing 21 counts seeking to undo a 'void' foreclosure sale, and for various loss mitigation violations.  Defendants mischaracterize Plaintiff's allegations from the onset of the Motion to Dismiss (hereafter "MTD") stating "Nowhere in Plaintiffs' Complaint does there appear a sustainable cause of action against Defendants."  MTD 1:17-18.  For the reasons stated in this Opposition, Plaintiff has alleged a number of facts that support plausible allegations of the Defendants wrongdoing.

Plaintiff has set out a record where the Defendants used 'agent for beneficiary,' 'undersigned,' 'present beneficiary' labels without identifying the true beneficiaries (Exhibits "7," "8," and "9" to Complaint).  Moreover, there the assignment to Defendant Vericrest is from Defendant Vericrest, and thus, a nullity (Exhibit "11"). There is no assignment to Vericrest from any other party in the public record.

Lastly, notwithstanding the voidness of the assignment and foreclosure related documents alleged in the Complaint, Plaintiff sought and secured a loan modification agreement, Plaintiff fully performed on that loan modification, and which Defendant Caliber, and its predecessor failed to honor, which the Ninth Circuit has recognized as a valid claim for relief.  *Infra.*  Thereafter, Defendant Caliber presented a different loan modification agreement to Plaintiff in violation of the Making Home Affordable Program by requiring upfront monies.

The outright failure of the assignments and the foreclosure documents leaves Plaintiff without knowing whether the Defendants are owed an obligation or to whom the mortgage obligation is owed.  Plaintiff does not seek to avoid payment on the mortgage but

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

1    seeks to identify which parties is entitled to the mortgage payment, and to ensure that the

2    servicer for the beneficiary complies with federal and state foreclosure and loss mitigation

3    statutes applicable to the circumstances in this case.

4        As will be set forth below, Plaintiff has stated a claim for relief under Fed. R. Civ. P.

5    12(b)(6), and Defendants Motion to Dismiss lacks sufficient merit and must be denied.

6    **B.**      **RULE 12(B)(6) STANDARD AFFECTING THE PLEADINGS**

7        A Fed. R. Civ. P. 12(b)(6) motion test the legal sufficiency of the claim or claims

8    stated in the complaint.  *Strom v. United States* (9th Cir. 200) 641 F3d 1051, 1067; *SEC v.*

9    *Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp 718, 726-727; *Beliveau v. Caras* (CD

10   CA 1995) 873 F. Supp. 1393, 1395; *United States v. White* (CD CA 1995) 893 F.Supp

11   1423, 1428.  In so testing the sufficiency of the complaint, the measurement is whether the

12   pleading meets the standards of Fed. R. Civ. P. 8, and Fed. R. Civ. P. 9, as applicable.  A

13   claim is stated if a set of facts establishes that the pleader is entitled to relief.  *Bell Atlantic*

14   *Corp. Twombly* (2007) 550 US 544, 555, 127 S.Ct. 1955, 1964-1965.

15       Subject to the requirement that the complaint show a "plausible" claim for relief, the

16   court must accept as true all material factual allegations in the complaint, draw inferences

17   from those allegations in the light most favorable to plaintiff, and construe the complaint

18   liberally.  Rule 12(b)(6) does not countenance ... dismissal based on a judge's disbelief of a

19   complaint's factual allegations."  Id. at 556; *Rescuecom Corp. v. Google Inc.* (2nd Cir.

20   2009) 562 F3d 123, 127; *Mediccom Southeast LLC v. BellSouth Telecommunications, Inc.*

21   (6th Cir. 2012) 672 F3d 396, 400.

22       A Rule 12(b)(6) motion cannot be used to challenge just certain allegations within a

23   claim while the underlying claim is not itself challenged.  *Thompson v. Paul* (D AZ 2009)

24   657 F.Supp.2d 1113, 1129.

25       Rule 12(b)(6) dismissals are especially disfavored where the complaint sets forth a

26   novel legal theory "that can best be assessed after factual development."  *Baker v. Cuomo*

27   (2nd Cir. 1995) 58 F3d 814, 818-819; *McGary v. City of Portland* (9th Cir. 2004) 386 F3d

28   1259, 1270.  Further, Rule 12(b)(6) appellate review is limited to whether liability exists

THE GORSKI FIRM, APC
www.thegorskifirm.com

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

1   under the facts as alleged in the complaint (not whether those alleges are true).  *Davis v.*

2   *Monroe County Bd. of Ed.* (1999) 526 US 629, 631, 119 S.Ct. 1661, 1666.

3       The question of plaintiff's ability to prove his or her allegations, or possible

4   difficulties in making such proof, is generally of no concern in ruling on a Rule 12(b)(6)

5   motion: "In considering a Rule 12(b)(6) motion, we do not inquire whether the plaintiffs

6   will ultimately prevail, only whether they are entitled to offer evidence to support their

7   claims." *Nami v. Fauver* (3rd Cir. 1996) 82 F3d 63, 65; *Allison v. California Youth*

8   *Authority* (9th Cir. 1969) 419 F2d 822, 823.

9       "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  In the event

10   of a defect in the pleadings, Fed. R. Civ. P. 15(a) provides that a trial court shall grant

11   leave to amend freely "when justice so requires." The Supreme Court has stated that "this

12   mandate is to be heeded." *Lopez v. Smith*, 203 F.3d 1122, 2000 WL 144385 (9th Cir., 2000)

13   (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Under Ninth Circuit case law,

14   "dismissal without leave to amend is improper unless it is clear, upon de novo review, that

15   the complaint could not be saved by any amendment." *Schneider v. California Dep't of*

16   *Corr.*, 151 F.3d 1194, 1196 (9th Cir. 1998).

17       In the present case and as set forth in the Complaint, Plaintiff has stated sufficient

18   allegations to each count.  Moreover, Defendants have only challenged certain allegations

19   within a claim while the underlying counts were not challenged as so indicated in this

20   Opposition.  In the event this honorable Court finds one or more of the counts insufficient,

21   Plaintiff requests leave to amend the Complaint.

22   **C.   <u>ARGUMENT</u>**

23

24   **1.   Defendants Blanket Attack That A Unified Course Of Fraudulent Conduct Is
        Alleged Throughout The Complaint Fails As This Blanket Attack Is Inconsistent
        With Allegations In Plaintiff's Case And The Case Law Cited By Defendants**

25

26       Plaintiff entire complaint is not grounded in fraud and not subject to a heightened

27   pleading standard.  To transform a Plaintiff's Complaint that has 8 counts based on

28   California and federal statutory violations and 10 counts of contractual and/or equitable

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

THE GORSKI FIRM, APC
www.thegorskifirm.com

THE GORSKI FIRM, APC
www.thegorskifirm.com

1   claims because it also had 3 frauds counts is inconsistent with the *Kearns* & Rubke cases

2   cited by Defendants.  MTD 4:21-27.   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th

3   Cir. 2009); *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009).  *Kearns*

4   dealt with claims against Ford that all alleged fraudulent count except the Consumer Legal

5   Remedies Act and Unfair Competition Claim.  In particular, Kearns alleged that Ford

6   engaged in:

7           "a fraudulent course of conduct. Kearns's TAC alleges that Ford Motor
           Company conspires with its dealerships to misrepresent the benefits of its
8           CPO program to sell more cars and increase revenue. Kearns alleges that
           Ford's marketing materials and representations led him to believe that CPO
9           vehicles were inspected by specially trained technicians and that the CPO
           inspections were more rigorous and therefore more safe. Kearns alleges he
10          was exposed to these representations through (1) Ford's televised national
           marketing campaign; (2) sales materials found at the dealership where he
11          bought his vehicle; and (3) sales personnel working at the dealership where
           he bought his vehicle. In reliance on these representations, Kearns claims he
12          purchased a CPO vehicle. Therefore he alleges that Ford engaged in a
           fraudulent course of conduct.
13

14

15          Id. at 1126-1127.

16          *Rubke* was a case involving a minority shareholders' committee attack of an

17   Exchange Offer by the majority shareholder alleging violations of the Securities Exchange

18   Act of 1934 and state violations of California Corporations Code.  The heightened pleading

19   standards were required under Fed. R. Civ. P. 9(b) and/or the Private Securities Litigation

20   Reform Act of 1995 in *Rubke*.  Id. at 1160.  None of the *Rubke* facts or applicable laws are

21   analogous or applicable in the present case.

22          In the present case, Counts 11, 12, and 13 (the fraud counts) have allegations made

23   with particularity, as follows:

24          • Fraud Count 11 specifies the date of events and the name of the parties

25             involved (Complaint ¶ 177); that Defendant Caliber and its employee knew it

26             was not acting for an 'undersigned corporation' (Complaint ¶ 178); that

27             Defendant Caliber and its employee were not agents, employees or officers

28             of the aforementioned trusts (Complaint ¶ 179); that notary attestation was

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

THE GORSKI FIRM, APC
www.thegorskifirm.com

designed to create a false impression (Complaint ¶ 180); that Plaintiff would not have known of the fraudulent activity (Complaint ¶ 181); that there was detrimental reliance by Plaintiff (Complaint ¶ 182); that Defendant Caliber and its employee knew of the falsity (Complaint ¶ 183); and that Plaintiff was damaged (Complaint ¶ 186).

- Fraud Count 12 the date of events and the name of the parties involved (Complaint ¶ 190); that Defendant Caliber and its employee knew it was not identifying the beneficiary and signed under penalty of perjury (Complaint ¶ 192); that Defendant Caliber and its employee knew that there was no assignment to Defendant Vericrest authorizing Defendant Summit to foreclose but yet ordered the foreclosure (Complaint ¶¶ 193 & 194); that Plaintiff would not have known of the fraudulent activity and that there was detrimental reliance by Plaintiff (Complaint ¶ 195); that Defendant Caliber, Defendant Summit, and its employee knew of the falsity (Complaint ¶ 196); and that Plaintiff was damaged (Complaint ¶ 199).

- Fraud Count 13 the date of events and the name of the parties involved (Complaint ¶ 203); that Defendant Caliber and its employee knew it was not identifying the beneficiary and signed under penalty of perjury (Complaint ¶ 206); that Defendant Caliber and its employee knew that there was no assignment to Defendant Vericrest authorizing Defendant Summit to foreclose but yet ordered the foreclosure (Complaint ¶¶ 207 & 208); that Plaintiff would not have known of the fraudulent activity and that there was detrimental reliance by Plaintiff (Complaint ¶ 209); that Defendant Caliber, Defendant Summit, and its employee knew of the falsity (Complaint ¶ 210); and that Plaintiff was damaged (Complaint ¶ 213).

In sum, the heightened pleading standard is met by Plaintiff as to the fraud counts, Counts 11, 12, 13, while all other counts are not subject to a heightened pleading standard.

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

**2. Tender Is Not Required As The Trustee Sale Was Void – A Declaratory Finding Is Required First As To The Existence Of The True Mortgagee – Even So, Tender Is Not Required Under The Facts In This Case**

The Ninth Circuit has spoken on the requirements of tender stating:

Under California law, a borrower generally "must offer to pay the full amount of the debt for which the property was security" to set aside a trustee's sale based upon irregularities in sale notice or procedure. *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640 (Ct. App. 2011); see *Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17 (Ct. App. 1984). Here, however, the Aniels argued that the substitution of trustee was fraudulent or forged, such that Quality Loan Servicing Corporation was never substituted as the trustee. If Quality was not properly substituted as trustee, it would have had no authority to effectuate a nonjudicial foreclosure sale, and the sale would be void, rather than voidable. *See Dimock v. Emerald Props., LLC*, 97 Cal. Rptr. 2d 255, 261-62 (Ct. App. 2000). **Because tender is not required for an allegedly void sale**, see *Lona*, 134 Cal. Rptr. 3d at 641, **the district court abused its discretion when it dismissed the Aniels' wrongful foreclosure claim with prejudice based on their inability to tender.**

*Aniel v. Aurora Loan Servs., LLC,* __ F. App'x __, 2013 WL 6671549 (9th Cir. Dec. 19, 2013). (Bold added.)

Courts have excused the tender requirement when (1) the sale is void. *Glaski v. Bank of Am., N.A.*, 218 Cal. App. 4th 1079, 1100 (2013); *Dimock v. Emerald Props.,* 81 Cal. App. 4th 868, 877-78 (2000); *Patel v. U.S. Bank,* 2013 WL 3770836, at *6 (N.D. Cal. July 16, 2013) (rejecting tender where borrower's robo-signing allegations would, if true, invalidate assignments and render a potential sale void); *Barrionuevo v. Chase Bank*, 85 F. Supp. 2d 964, 969 (N.D. Cal. 2012) (deciding not to require tender where plaintiffs alleged that defective notice would make the scheduled sale void); *Intengan v. Bank of Am.*, 214 Cal. App. 4th 1047, 1053-54 (2013); *Pfeifer v. Countrywide Home Loans,* 211 Cal. App. 4th 1250, 1281 (2012).

Moreover, in this case not only does Plaintiff allege the assignment to October 6, 2011, assignment from *Wells Fargo Delaware Trust Company, N.A., as Trustee for Vericrest Opportunity Loan Trust 2011-NPL1* from *LSF7 Bermuda NPL 1 Trust as Trustee for Vericrest Opportunity Loan Trust 2011-NPL1* is void (Exhibit "11" to Complaint), but

THE GORSKI FIRM, APC
www.thegorskifirm.com

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

there is no record how LSF7 Bermuda NPL 1 Trust as Trustee for Vericrest Opportunity Loan Trust 2011-NPL1 acquired its interest in the Property or in what capacity it serves. Further, as stated in the paragraph 32 of the Complaint:

> Pursuant to Delaware Statutory Trust Act, particularly 12 *Del.C.* 38 § 3804, the statutory trust can sue and be sued, the property of a statutory trust is subject to attachment and execution as if it were a corporation,  and the trustee of the statutory trust may be served for all civil actions against the statutory trust. Defendant Vericrest is the property [proper] defendant to be sued and be accountable.

Since California Code of Civil Procedure § 367 provides that "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute."  Defendants will not fall within the exceptions of California Code of Civil Procedure § 369. There is no possible way that Defendant Vericrest can avail itself to relief from this Court or defend if it has not right to unless it defends in its own name.  This factor further support a case where tender should not be required.

Therefore, tender is not required when a void assignment exist to serve as the basis for a purported mortgagee's claim.


### 3. The Alleged Wrongful Securitization Of The Loan <u>Does</u> Render A Note Or Deed of Trust Void

Under California law, a plaintiff may maintain a wrongful foreclosure claim if the plaintiff "allege[s] facts that show the defendant who invoked the power of sale was not the true beneficiary." *Glaski v. Bank of America, N.A.* (2013) 218 Cal. App. 4th 1079, 2013 WL 4037310. *Dick v. Am. Home Mortg. Servicing, Inc.*, 2013 WL 5299180 (E.D. Cal. Sept. 18, 2013) (Court acknowledged borrower's possible standing under Glaski to bring a wrongful foreclosure claim on an improper assignment but declines to determine that question because the wrongful foreclosure claim was dismissed on Fontenot grounds.)  The *Fonteno*s court stated that "the plaintiff was required to allege that HSBC did not receive a valid assignment of the debt in any manner." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011).

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

THE GORSKI FIRM, APC
www.thegorskifirm.com

THE GORSKI FIRM, APC
www.thegorskifirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Although a minority rule that California borrowers do not have standing to allege violations of pooling and servicing agreements (PSAs), contracts between their lender and a third party trust.  Here, like in *Glaski*, a 2013 California Court of Appeal case, for the judicial district of the parties in this case, did grant borrower standing to challenge a foreclosure based on a Pooling and Servicing Agreement violations and New York trust law. This Plaintiff's factual allegation identically tracked the allegations in *Glaski*: "[Purported owners of the loan] did not properly acquire title . . . because the note and mortgage were transferred to [a trust] after the Trust's closing date . . . resulting in an improper and ineffective transfer." The court found this a "real and substantial controversy" and, citing *Glask*i, granted borrower standing to continue with her case. *Kling v. Bank of Am., N.A*., 2013 WL 7141259 (C.D. Cal. Sept. 4, 2013).

In this case, Plaintiff has alleged sufficiently that the securitization was not within the closing date, nor authorized.   Complaint ¶ 112.  Thus, this failure can be a basis for voidness of the Note or Deed of Trust.

### 4.   There Was Never Authority To Foreclose On Plaintiff's Property

Plaintiff does not argue that California Civil Code § 2924, et seq., is not the exclusive framework for the non-judicial <u>process</u>, instead, as stated above, Plaintiff argues that the October 6, 2011, assignment to Defendant Vericrest is void (Exhibit "11" to Complaint), and that there is no record of an assignment to Defendant Vericrest's assignor in the first place.  As a result, the Substitution of Trustee (Exhibit "9") is void as well as there was never a valid authority to render that Substitution of Trustee.

Thus, without authority to foreclose, the foreclosure is void.

### 5.   Defendants Misstate The Law That Plaintiff's Claims For A Loan Modification Based On HAMP Or As A Third Party Beneficiary Fail – The Ninth Circuit Disagrees

Although the Ninth Circuit has granted a limited panel rehearing in *Corvello,* it did find that 'the bank was required by the agreement to offer a permanent modification' and followed the First and Seventh Circuit in finding that HAMP loan modification agreements

are enforceable by a third party beneficiary.  *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 885 (9th Cir. Aug. 8, 2013) (limited panel rehearing granted Sept. 23, 2013)(citing *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, No. 10-MD-02193-RWZ, 2011 WL 2637222, at *6 (D. Mass. July 6, 2011) (involving Multi District Litigation claims arising from 26 states, including California, regarding third party beneficiary status for class certification purposes -- class certification denied); *Young v. Wells Fargo Bank*, 717 F.3d 224, 233-36 (1st Cir. 2013); *Wigod v. Wells Fargo Bank*, 673 F.3d 547, 560-66 (7th Cir. 2012).

Plaintiff properly alleged *Corvello* facts and violations in Plaintiff's Complaint, as follows:

COUNT 8
148.    The SPA and the Making Home Affordable program explicitly incorporated Program Documentation constitute a contract for which Plaintiff, as an eligible homeowner, was an intended beneficiary, and under which Defendant Caliber has undertaken duties to act for the benefit of Plaintiff after acquiring the servicing rights from CitiMortgage.
149.    By entering into the SPA and participating in the Making Home Affordable program and its components, such as HAMP, Defendant Caliber covenanted, on behalf of itself and its subsidiaries, predecessors, to administer its contractual obligations with principles of good faith and fair dealing.
150.    Defendant Caliber has breached its contractual duties by failing to provide eligible borrowers, including Plaintiff, with the opportunity to accept permanent loan modifications that comply with terms as calculated in accordance with the methods specified in the Supplemental Directives or the appropriate Handbook for Servicers, as updated from time to time, and incorporated into the SPA and Making Home Affordable program.

COUNT 9
156.    By executing the TPP Agreements and returning it to Defendant Caliber, or its predecessor, CitiFinancial Mortgage Company, along with the supporting documentation and initial payment, Plaintiff accepted Defendant Caliber's (and/or Defendant's predecessor) offer.
157.    Alternatively, Plaintiff's return of the TPP Agreements constitutes an offer.  Acceptance of the offer occurred when Defendant Caliber through its predecessor, accepted Plaintiff's TPP payments, which Plaintiff fully paid.
158.    The TPP Agreement was supported by consideration. First, Plaintiff's TPP payments to Defendant Caliber constituted consideration. By making those payments, Plaintiff gave up the ability to pursue other means of saving their home.  Further, the TPP Agreement requires homeowners to undertake several duties that they are not otherwise obligated to undertake, such as

THE GORSKI FIRM, APC
www.thegorskifirm.com

OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS

submitted financial documentation that Plaintiff was not otherwise required to provide, to set up newly established escrow accounts, and to make legally binding representations about their personal circumstances. These actions constitute both a detriment to Plaintiff and a benefit to Defendant Caliber.

159.     Plaintiff and Defendant Caliber thereby formed valid contracts.

COUNT 10

170.     Defendant Caliber, through its predecessor and itself, and by way of its TPP Agreements, made representations to Plaintiff that if Plaintiff returned the TPP Agreements executed and with supporting documentation, and made the TPP payments, Plaintiff would receive permanent HAMP modifications.

171.     Defendant Calibers' TPP Agreements were intended to induce Plaintiff to rely on them and make monthly TPP payments.

172.     Plaintiff did indeed rely on Defendant Calibers' representation, by submitting TPP payments.

173.     Given the language in the TPP Agreement, Plaintiff's reliance was reasonable.

174.     Plaintiff's reliance was to Plaintiff's detriment.   Such detriment includes longer loan payoff times, higher principal balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest. Further, Plaintiff's has lost the opportunity to fund other strategies to deal with their default and to avoid foreclosure.

To the extent oral promises and assurance were made by Defendant Caliber, through its predecessor, those oral promises are enforceable under Promissory Estoppel principles. *Aceves v. U.S. Bank, N.A*, 192 Cal. App. 4th 218; 120 Cal. Rptr. 3d 507, 514 (2011). Plaintiff does not dispute that Defendant has offered a subsequent loan modification; however, that subsequent loan modification was in violation of the SPA to the Making Home Affordable Program, and its incorporated Program Documentation.

In a case substantially the same to this present case in regard to the HAMP loan modification, Judge Karlton in this Eastern District, found a viable claim for relief.  There Plaintiff has successfully pled several counts of intentional misrepresentation based on separate misrepresentations by their servicer, Citimortgage.    Borrower's first TPP agreement misrepresented Citi's intentions because it required borrowers to make timely TPP payments and maintain documentation, and bound Citi to consider them for a permanent modification if those conditions were met – something Citi never did. Citi's

THE GORSKI FIRM, APC
www.thegorskifirm.com

alleged conduct during the modification process (oral and written promises, assurances, etc.), coupled with their ultimate refusal to consider borrowers for a permanent modification, shows knowledge and intent to defraud. Absent Citi's TPP agreement and assurances, borrowers would not have made their TPP payments, demonstrating reasonable reliance. *Alimena v. Vericrest Fin., Inc.*, 2013 WL 4049663 (E.D. Cal. Aug. 9, 2013).

Here, Plaintiff relies on the January 23, 2010, Home Affordable Modification Trial Period Plan (Exhibit "21"), that was executed and returned to Defendant Caliber's predecessor (Citibank), and to which all trial period plan payments were made. In addition, Plaintiff has submitted a number of HAMP loan modification submissions to no avail, which have cost Plaintiff's hours and hours of time. Complaint ¶¶ 48 to 52.

Thus, Plaintiff's Contract Based Claims are properly pled.

### 6. The Declaratory Action Count Is Not Duplicative And Will Result In Resolving An Actual Controversy

Count 20 of the Complaint seeks declaratory relief, which can be granted under the Declaratory Judgment Act, which permits the district court to adopt a specific remedy when jurisdiction exists. *Fiedler v. Clark*, 714 F.2d 77 (C.A.9 (Hawai'i), 1983). The "controversy" must exist at the time of the hearing as to the availability of declaratory relief and that determination is entirely independent of any controversy that may have existed in the past. *Sellers v. Regents of University of California*, 432 F.2d 493 (9th Cir., 1970). In addition, declaratory relief is available under California Code of Civil Procedure § 1060 which provides, in pertinent part, that:

> Any person interested under a written instrument ... or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint ... for a declaration of his or her rights and duties ... He or she may ask for a declaration of rights or duties, either alone or with other relief ... and the declaration shall have the force of a final judgment.

THE GORSKI FIRM, APC
www.thegorskifirm.com

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

THE GORSKI FIRM, APC
www.thegorskifirm.com

In the present case, an actual controversy has arisen between Plaintiff and all Defendants relating to the legal rights, duties and obligations of said parties.  The right of any Defendant to foreclose on the Property in light of the fact that defective assignments have taken place, the fact that there is no evidence that the note was assigned to Defendant Vericrest's assignor, and that the assignment (Exhibit "11") to Defendant Vericrest if void leaves upon a controversy that requires declaratory relief by having a judicial determination of the validity of each of the Defendants' roles, beneficial interest, with respect to the Note, and Deed of Trust against the Property and related subsequently non-judicial foreclosure procedures and manner that Defendants have employed them.  A judicial determination as to the validity of whether any Defendant is a real party in interest vis-à-vis as the mortgagee or other beneficiary of the Property is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain Plaintiff's title to the Property. There is no other adequate remedy in the Complaint prayed for, or that exists by which the rights of the parties hereto may be determined.

Thus, Plaintiff has properly pled Count 20.

### 7.  Plaintiff Has Sufficient Particularity On The Fraud, Conspiracy, and RICO Counts.

With respect to the Fraud Counts 11, 12, and 13, Plaintiff has set forth the heightened pleading standard above (pages 10-12).   However, this particularity standard can be lessened in this case.  The Ninth Circuit has stated:

We disagree with the district court's conclusion that *Wool* failed to satisfy the particularity requirement of Rule 9(b). Rule 9(b), which applies to securities actions brought under Section 10(b) and Rule 10b-5, requires particularity in pleading the circumstances constituting fraud. *Semegen v. Weidner*, 780 F.2d 727, 734-35 (9th Cir.1985); *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir.1977). 6 But "pleading is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.' " *Semegen*, 780 F.2d at 735 (quoting *Gottreich*, 552 F.2d at 866). While mere conclusory allegations of fraud are insufficient, statements of the time, place and nature of the alleged fraudulent activities are sufficient. *Semegen*, 780 F.2d at 735; *Bosse v. Crowell Collier & Macmillan*, 565 F.2d 602, 611 (9th

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

Cir.1977).

*Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (C.A.9 (Cal.), 1987); *Deutsch v. Flannery,* 823 F.2d 1361, 1366 (9th Cir.1987).

Thus and as stated above, the Fraud have been properly pled.

<u>With respect to the Conspiracy Count 17</u>, Defendants motion must be denied because Plaintiff has properly alleged fraud and promissory estoppel claims with sufficient particularity and these predicate torts form the foundation for the conspiracy claims. "The elements of a civil conspiracy are 1) the formation and operation of the conspiracy; 2) the wrongful act or acts done pursuant thereto; and 3) the damage resulting." *Mosier v. Southern California Physicians Insurance Exchange*, 63 Cal.App.4th 1022, 1048 (1998) internal citations and punctuation omitted. Plaintiffs have alleged each of these elements.

The "significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503, 511, internal citations omitted.

Plaintiffs have alleged the existence of a conspiracy to defraud borrowers by a scheme of false promises of loan modifications.   Plaintiffs have identified the co-conspirators. The actions taken in furtherance of the conspiracy are alleged as the cause of damages incurred by Plaintiffs.   Complaint ¶¶ 235-240.   Therefore, the elements and wrongful actions of the conspiracy have been sufficiently alleged.

<u>With respect to the RICO Count 6</u>, Plaintiff has identified and alleged the conduct of Defendants,  the documents that were created, that are fraudulent, that were placed in the United States Mail, the goal of the conspiracy - foreclosure (Complaint ¶ 124); the acts of other enterprise members (Complaint ¶ 125); the time period (Complaint ¶¶ 126 & 127); the knowledge of the wrongful and unlawful conduct, including other conduct pled in the Complaint and the mediums untilized to engage into interstate commerce (Complaint ¶¶ 128 & 129); and more as fully set forth in Count 6.

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

THE GORSKI FIRM, APC
www.thegorskifirm.com

THE GORSKI FIRM, APC
www.thegorskifirm.com

In the present case, there are sufficient statements of time, place and nature of the alleged fraudulent activities, and said activities were controlled Defendants. "Rule 9(b) does not ... require plaintiffs in a securities fraud case to set forth facts which, because no discovery has yet occurred, are in the exclusive possession of the defendants." *Deutsch* at 1366, citing *Merrit v. Libby, McNeil & Libby*, 510 F.Supp. 366. Although this is not a securities case, Defendants here too have exclusive possession of documents and records not available to Plaintiff.

Therefore, the Fraud, Conspiracy, and RICO counts have been properly pled.

### 8. Plaintiff Has Alleged Sufficient Facts Demonstrating That The Unlawful, Unfair, And Fraudulent Prongs Are Met For A UCL Claim

There are three possible prongs within a UCL claim: unlawful, unfair, and fraudulent. The unlawful prong bases a UCL violation on another actionable claim. A Rosenthal Act violation provides the basis for borrower's unlawful claim. The unfair prong involves an evaluation of harm to the plaintiff and benefit to the defendant, a public policy, or unfair competition. A "uniform" practice of denying permanent modifications provides the basis for an "unfair" inquiry and could deceive the public. Fraudulent practices must be likely to deceive the public. All three UCL prongs are actionable. *Gaudin v. Saxon Mortg. Servs. Inc.*, 2013 WL 4029043 (N.D. Cal. Aug. 5, 2013). Unlawful prong claims may be brought regardless of whether the underlying statute provides a private right of action. *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553 (1998). Borrowers have used UCL claims to challenge assignments that are alleged to be unlawful, even though the underlying statute does not provide a right of action. *Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011) (allowing § 17200 claim when plaintiffs alleged that assignment was executed after the closing date of securities pool, "giving rise to a plausible inference that at least some part of the recorded assignment was fabricated").

UCL's remedies are cumulative to existing remedies. *See* Cal. Bus. & Prof. Code § 17205 (2012) (UCL remedies cumulative to those provided under existing law); the unfair

1  prong of the UCL makes unlawful practices that violate legislatively stated public policy,

2  even if that activity is not technically prohibited by statute.

3      The fraudulent prong of the UCL prohibits fraudulent practices that are likely to

4  deceive the public. *Daugherty v. Am. Honda Motor Co., Inc*., 144 Cal. App. 4th 824, 838

5  (2006). Courts have allowed UCL fraudulent claims against banks that offered trial period

6  plans that did not comply with HAMP guidelines. *West v. JP Morgan Chase Bank N.A.*,

7  214 Cal. App. 4th 780, 806 (2013), and that misrepresented their method of posting fees

8  and service charges to mortgage accounts. See *Ellis v. JP Morgan Chase Bank, N.A.*, 2013

9  WL 2921799, at *17 (N.D. Cal. June 13, 2013) ("Failure to adequately disclose [the posting

10  method] can shape reasonable expectations of consumers and be misleading."); *Gutierrez v.*

11  *Wells Fargo Bank, N.A.*, 2013 WL 2048030, at *5 (N.D. Cal. May 14, 2013) (finding

12  defendant's scheme to deceive borrowers about the posting order of transactions on their

13  accounts, thereby increasing overdraft fees, a viable UCL fraudulent claim.

14      UCL standing requires a "distinct and palpable injury" that was caused by the UCL

15  violation. An increased mortgage payment that will result will serve as an injury. *Gerbery*

16  *v. Wells Fargo Bank, N.A.*, 2013 WL 3946065 (S.D. Cal. July 31, 2013). Because of

17  Proposition 64, a borrower bringing a UCL claim must show: (1) lost money or property

18  that is (2) caused by the unfair competition. Cal. Bus. & Prof. Code § 17204 (2012).

19  Courts have found the initiation of foreclosure proceedings to constitute lost property

20  interest but have demanded that the loss be caused by the wrongful conduct, not simply the

21  borrower's monetary default. See *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App.

22  4th 497, 520-23 (2013) (finding a "diminishment of a future property interest" sufficient

23  economic injury and yet finding no standing because the foreclosure stemmed from

24  debtor's default, not because of alleged wrongful practices). Plaintiffs must allege injury-

25  in-fact to bring UCL claims. A ruined credit rating and clouded title on borrower's property

26  both qualify as bases for UCL standing. *Lester v. JP Morgan Chase Bank*, 2013 WL

27  3146790 (N.D. Cal. June 18, 2013). A borrower's declaration that they have paid "some or

28  all" of the alleged fraudulent fees charged to their mortgage accounts qualifies as an

THE GORSKI FIRM, APC
www.thegorskifirm.com

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

THE GORSKI FIRM, APC
www.thegorskifirm.com

"economic injury" for purposes of UCL claims.  *Ellis v. J.P. Morgan Chase & Co*., __ F. Supp. 2d __, 2013 WL 2921799 (N.D. Cal. June 13, 2013).

In this case as set forth in the Complaint, Plaintiff has properly pled a UCL claim on Counts 3, 4, 5, 7, 8, 9, 10, 16 and 17, but not limited to, for wrongful foreclosure alleging sufficient facts for the 'unlawful' prong.   Plaintiff has alleged fraud in counts 11, 12, and 13; and violations of RICO in count 6, satisfying the fraudulent prong stating that "Defendants created fraudulent documents, recorded these documents, and placed said documents in the United States Mail, including but not limited to, Exhibits "7" to "11" and "14" knowing their falsity or concealing the truth within the documents in order to foreclose on the Property against Plaintiff.  Complaint ¶ 124.

Plaintiff was harmed prior to the recordation of the April 20, 2011, and May 11, 2011, Notice(s) of Default (Compliant Exhibit "7" and "8").   Furthermore, Plaintiff has alleged injury resulting from "breached the terms of the Note and Deed of Trust ... including charging fees not authorized, charging usurious and unconscionable fees and interest ... that some or all of the monies paid have been misapplied."   Complaint ¶ 265.   Therefore, Plaintiff has properly pled Count 18 (UCL).

### 9.  An Accounting Is Necessary Because Defendants Cannot Establish A Right To Lawfully Collect Any Payments

Under California law, a claim for accounting does not require a fiduciary relationship (citing *Teselle v. McLoughlin*, 173 Cal.App.4th 156 (2009), 179, 92 Cal.Rptr.3d 696 (Cal.App.3d Dist.2009) ("a fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting"). "An action for an accounting is equitable in nature.  *Quinteros v. Aurora Loan Serv*., 740 F.Supp.2d 1163 (E.D. Cal., 2010).   At this stage Plaintiff is not clear whether Plaintiff owed any money to Defendants, and if so, whether Defendants have properly applied payments.  Plaintiff has alleged in paragraph 265 of the Complaint that:

**OPPOSITION TO CALIBER, VERICREST & SUMMITS' MOTION TO DISMISS**

THE GORSKI FIRM, APC
www.thegorskifirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Caliber and Defendant Vericrest has collected and received money, profits, and other benefits generated by the Property and may continue to collect and receive said money, profits and other benefits. Defendant Caliber and Defendant Vericrest is liable for, has breached the terms of the Note and Deed of Trust, and has violated various statutes, including charging fees not authorized, charging usurious and unconscionable fees and interest, but not limited to, which requires a complete accounting to determine Defendant Caliber and Defendant Vericrest and Plaintiff's financial obligations.  Plaintiff alleges that some or all of the monies paid have been misapplied and request for simple accounting transcripts have been refused.  An accounting is required to make this determination.

An accounting is necessary to because Defendant Lender cannot establish its right to collect any payments.  Thus, Plaintiff has properly pled Count 21.

D.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Caliber Home Loans, Inc; Vericrest Opportunity Loan Trust 2011-NPL1; and Summit Management Company, LLC's  Motion to Dismiss.  In the event that this Court grants any part of the Motion to Dismiss, Plaintiff asks that the Court grant said Motion with leave to amend.

Respectfully submitted,

DATED:  April 9, 2014          **THE GORSKI FIRM, APC**

_____
VINCENT A. GORSKI
Attorney for Plaintiffs
Manuel Lazo
Oralia Lazo